UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN THE MATTER OF THE APPLICATION OF
JEFFREY BALLABON,

                             Petitioner,              Civil Action No. 15 Civ. 05016

For an Order and Judgment Pursuant to
Article 75 of the CPLR

      -against-

STRAIGHT PATH IP GROUP, INC. f/k/a
INNOVATIVE COMMUNICATIONS
TECHNOLOGIES, INC.,

                             Respondent.
------------------------------------------------------------------------x

**RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO STRIKE PORTIONS OF PETITIONER'S REPLY
MEMORANDUM OF LAW AND ACCOMPANYING EXHIBITS IN SUPPORT
OF THE AMENDED PETITION TO VACATE THE ARBITRATION AWARD**

REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
(914) 749-8200

*Attorneys for Respondent,
Straight Path IP Group, Inc.*

Respondent, Straight Path IP Group, Inc. (f/k/a Innovative Communications Technologies, Inc.) ("Straight Path"), respectfully submits this Memorandum of Law in Support of Its Motion to Strike Portions of Petitioner's Reply Memorandum of Law and Accompanying Exhibits in Support of the Amended Petition to Vacate the Arbitration Award (Dkt No. 25) (the "Reply Brief"),[1] filed by Petitioner, Jeffrey Ballabon, in this Court on October 16, 2015.

## INTRODUCTION

Petitioner was afforded every chance to present arguments and evidence in support of his petition to vacate the AAA Final Award issued in the underlying binding Arbitration. Petitioner did not include a single exhibit or legal citation in support of his original Petition, and this Court granted him leave to amend after the original Petition was fully briefed and dismissed – precisely to redress those failures as detailed in Respondent's opposition to the original Petition. Petitioner's Amended Petition did not cure any of those glaring deficiencies. The Amended Petition still did not include a single supporting exhibit or cite any of the requisite law.

Instead, Petitioner engaged in classic sandbagging by improperly and prejudicially attempting to mask the obvious defects in his Amended Petition by presenting through his Reply Brief legal arguments, factual averments and evidence that are neither raised in the Amended Petition nor responsive to unexpected arguments made in Straight Path's Memorandum of Law in Opposition to the Amended Petition (the "Opposition").[2] The arguments and evidence presented in the Reply Brief *for the first time* were well-known to and readily in the possession of Petitioner when he filed his original Petition seeking vacatur of the Award, let alone when he

---

[1] Petitioner appears to have erroneously titled his Reply Brief as "Defendants' Reply Memorandum."

[2] Terms not otherwise defined herein shall have the meaning ascribed to them in Straight Path's Opposition.

filed the Amended Petition many months later.  Petitioner was thus required to include such argument and evidence in the Amended Petition as the Court directed when it granted Petitioner leave to file the Amended Petition.  Presenting this material for the first time on reply – only *after* Straight Path filed its second Opposition outlining the serious and manifold deficiencies in Petitioner's amended application – is nothing more than a transparent attempt to abuse the process and strategically and unfairly deny Straight Path an opportunity to counter the arguments and evidence presented.

The courts do not permit such gamesmanship and routinely strike such improper materials.  For these reasons, as set forth more fully below, Respondent respectfully requests that the Court strike the offending portions of the Reply Brief as well as the supporting exhibits to the Reply Declaration.[3]

## ARGUMENT

### I. THE COURT SHOULD STRIKE NEW ARGUMENTS MADE FOR THE FIRST TIME IN PETITIONER'S REPLY BRIEF

"[I]t is well settled in the Second Circuit that a party may not raise an argument for the first time in a reply brief" and, accordingly, courts strike (or disregard) such arguments.  *See Salumbides v. U.S.*, No. 05 Civ. 7847(RMB), 2007 WL 430425, at *6 (S.D.N.Y. Feb. 8, 2007)

---

[3] Straight Path submits that the law clearly provides for the striking of the offending portions of the Reply Brief and its supporting exhibits.  In the event the Court permits Petitioner to advance any new argument or evidence in reply, however, at the very least Straight Path should be granted leave to file a surreply to address the new material.  The offending materials present a grossly incomplete picture, and in surreply Straight Path would demonstrate that: (i) Petitioner's expert was precluded from testifying about the value of the spectrum business at the Hearing both because he never offered an opinion on that subject in his report and because he did not have qualifications to value wireless spectrum; (ii) the Arbitrator did enter a written ruling in the lone instance where Petitioner requested a written ruling, which ruling the Petitioner misrepresents to this Court does not exist; and (iii) the Employment Agreement identifies Petitioner's execution of a release as a condition precedent to any severance payment, and Petitioner was repeatedly offered to enter into that release but refused – even after being told that doing so would forfeit any request for severance.

(dismissing argument first raised on reply) (citing *Frank v. United States*, 78 F.3d 815, 833 (2d Cir. 1996)); *LinkCo, Inc. v. Naoyuki Akikusa*, 367 F. App'x 180, 184 n. 2 (2d Cir. 2010) (holding that movant waived argument "[b]y failing to raise the issue in its opening brief"); *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) ("[N]ew arguments may not be made in a reply brief"); *United States v. Letscher*, 83 F. Supp. 2d 367, 377 (S.D.N.Y. 1999) (disregarding argument first raised on reply because "arguments raised in reply papers are not properly a basis for granting relief"); *Stauffer v. Brooks Bros.*, No. 08 CIV. 10369 SHS, 2012 WL 6621374, at *4 (S.D.N.Y. Dec. 19, 2012) (disregarding argument first made on reply because "a party cannot raise new claims in a reply brief"), *aff'd sub nom. Stauffer v. Brooks Bros. Grp.*, 758 F.3d 1314 (Fed. Cir. 2014); *Klauber Bros. v. Russell-Newman, Inc.*, No. 11 CIV. 4985 PGG, 2013 WL 1245456, at *9 (S.D.N.Y. Mar. 26, 2013) (same), *aff'd sub nom. Klauber Bros. v. Bon-Ton Stores, Inc.*, 557 F. App'x 77 (2d Cir. 2014); *Rowley v. City of New York*, No. 00 Civ. 1793 (DAB), 2005 WL 2429514, *5 (S.D.N.Y. Sept. 30, 2005) (refusing to consider argument first made on reply and noting that "[t]his Circuit has made clear it disfavors new issues being raised in reply papers."); *In re OSG Secs. Lit.*, 12 F. Supp. 3d 622, 633 (S.D.N.Y. Apr. 28, 2014) (holding that movant waived argument first made on reply); *Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710, 720 n. 7 (S.D.N.Y. 1997) (refusing to consider argument first made on reply) (citing cases).

Petitioner's Reply Brief improperly raises three new arguments. **First**, although the Amended Petition is largely silent on any of the specific legal grounds underlying Petitioner's motion to vacate the Award, Petitioner for the first time in reply purports to base his application on the Federal Arbitration Act (the "FAA"). Specifically, Petitioner cites to various provisions of the FAA as well as cases applying the FAA. (*See* Reply Brief at 3-7 (citing, *inter alia*, 9

U.S.C. § 10(a)(2), (a)(3), and (a)(4)).) While Petitioner's arguments in support of vacatur fail under that legal standard as well, Petitioner should not be entitled to invoke a new body of law for the first time on reply. Indeed, the Amended Petition states that Petitioner is relying on Section 7511 of New York's Civil Practice Law and Rules ("CPLR"): "This is a proceeding brought pursuant to CPLR § 7511 to vacate and overturn an arbitration award."[4] (Amended Petition ¶ 3.) The Amended Petition neither cites to the FAA nor to any legal authority applying the FAA. Petitioner's untimely appeal to that statute in his Reply Brief thus should be stricken.

*Second*, the Reply Brief argues that Petitioner was not required to execute a release in order to receive severance because the termination of his employment constituted a "breach" of the Employment Agreement by Straight Path and an anticipatory repudiation of the severance provision. (*See* Reply Brief at 8-9.) The Amended Petition makes no mention of this baseless argument altogether.

*Third*, the Reply Brief also argues for the first time that the Arbitrator impermissibly excluded evidence by preventing Petitioner's expert witness from testifying about the market value of Straight Path Spectrum (an affiliated company of Straight Path) while allowing Respondent's expert witness to testify on the same subject. (*See* Reply Brief at 6 n.2.) Again, the Amended Petition makes no mention of this argument entirely.

As detailed above, courts routinely strike or refuse to consider new arguments raised in reply absent a demonstration that the material was previously unavailable, which Petitioner does not (because he cannot) even attempt to show here. *See, e.g.*, *Ernst Hass*, 164 F.3d at 111-112 ("declin[ing] to entertain arguments made for the first time in the [r]eply [b]rief" where the moving brief did "not cite a single statute or [relevant] court decision" and appellant used the

---

[4] The Amended Petition does not clearly identify the statutory basis for the relief requested but generally references CPLR § 7511. (*See* Amended Petition ¶ 3.)

- 4 -

reply brief "to supply what was conspicuously omitted in the main brief"); *Knipe v. Skinner*, 999 F.2d 708, 710-711 (2d Cir. 1993) (striking reply brief containing new arguments even though "appellees felt compelled to address" certain arguments "out of caution" in their opposing brief); *Judge v. N.Y. City Transit Auth.*, No. 99 Civ. 0927(JGK), 1999 WL 1267462, at *3 (S.D.N.Y. Dec. 29, 1999) (striking new arguments where "[t]he defendant, for the first time in its reply brief, seeks dismissal of any claims under" certain statutes and noting that "[i]t is well established that reply briefs are not the appropriate place to raise new arguments"). The same result should follow here.

## II.   THE COURT SHOULD STRIKE THE EVIDENCE PRESENTED FOR THE FIRST TIME IN PETITIONER'S REPLY BRIEF

Petitioner's Reply Brief also improperly attaches and relies on new evidence. Courts have made clear that the same principles outlined above apply with equal force to evidence first submitted on reply. It is "established beyond peradventure that it is improper to sandbag one's opponent by raising new [evidence] in reply.'" *Wolters Kluwer Fin. Svcs., Inc. v. Scivantage*, No. 07 Civ. 2352(HB), 2007 WL 1098714, * 1 (S.D.N.Y. Apr. 12, 2007) (striking, in full, new evidence first cited on reply) (citing cases); *see Aurora Loan Services, Inc. v. Posner, Posner & Associates, P.C.*, 513 F. Supp. 2d 18, 19-20 (S.D.N.Y. Oct. 9, 2007) (striking evidence submitted for first time on reply); *Domino Media, Inc. v. Kranis*, 9 F. Supp. 2d 374, 387 (S.D.N.Y. 1998) (holding that new arguments based on "factual allegations" that party "first raised in reply papers in *support* of a motion will not be considered.") (emphasis in original); *Tolliver v. McCants*, No. 05 Civ. 10840(JFK) (S.D.N.Y. May 26, 2009) (refusing to consider arguments relying on evidence cited for the first time in reply brief). "Typically, in such situations the Court strikes the evidence presented for the first time in reply, and does not consider it for purposes of ruling on the motion." *Wolters Kluwer*, 2007 WL 1098714 at * 1.

As noted above, Petitioner did not file a single exhibit to support the allegations in the Amended Petition. The Reply Brief, however, is accompanied by a Reply Declaration annexing nine new exhibits, primarily consisting of one-sided letters to the Arbitrator as well as Petitioner's post-Hearing briefing. (*See generally* Reply Declaration, Exhibits A-I.) Of course, Petitioner did not even include Respondent's responses to each of those documents – all of which were submitted during the course of the Arbitration – nor the Arbitrator's rulings. Instead, Petitioner elected to file these exhibits for the first time on reply, notwithstanding the Court's directive that he submit all evidence supporting his motion to vacate the Award with the Amended Petition. This evidence, and the portions of the Reply Brief relying on such evidence, must be stricken or, at a minimum, not considered. *Id.*; *Aurora Loan Services*, 513 F. Supp. 2d at 19-20.

Furthermore, Ballabon's attempt to sandbag and include this evidence for the first time in reply obviously prejudices Straight Path. The courts have held that striking or disregarding such content from reply briefs is proper "[t]o prevent unfairness to litigants" who, like Straight Path, have "not been afforded an opportunity to respond to [their opponents'] arguments." *DVL, Inc. v. General Elec. Co.*, 811 F. Supp. 2d 579, 593 (N.D.N.Y. Dec. 6, 2010) (striking new content in reply brief) (citing *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999)); *see Playboy Enters.*, 960 F. Supp. at 720 n. 7 (explaining that considering argument first raised on reply would be "manifestly unfair" to respondent and noting that movant's failure to raise argument in its opening "should not be rewarded."). Nor does striking or disregarding the new material pose any prejudice to Petitioner, who had every opportunity to present the materials in his Petition and Amended Petition and elected not to; and where the new arguments and evidence are not "merely responsive" to an unexpected argument advanced in Straight Path's

- 6 -

opposition. The evidence is clearly intended to compensate for Ballabon's glaring and unexplained failure to meet *his* *prima facie* burden, as detailed in Respondent's Opposition Brief. As the movant, Petitioner is not entitled to a *third* bite of the apple after failing to meet that burden twice, nor to sandbag Straight Path in the hope that he can mislead the Court by presenting his half of the record from the underlying Arbitration

Indeed, confronted with analogous circumstances, the *Aurora Loan Services* court cogently explained the inequity that Straight Path faces:

> With respect to paragraph 12 of the affidavit and exhibits A-FFF, defendants argue that these materials add inappropriate new material which should have been included in plaintiff's opening papers. This Court agrees. Plaintiff was aware of and in possession of these documents at the time [it] filed for summary judgment, and it therefore could have included them in its papers. In addition, this Court disagrees with plaintiff that these materials are appropriate because they were added in response to defendants' opposition papers. Defendants['] argument in opposition was simply that plaintiff had not met its burden in moving [for] summary judgment. To allow plaintiff to then submit new materials to meet its burden would inappropriately allow plaintiff a second bite at the summary judgment apple. Nor does this court agree that allowing defendant any additional sur-reply cures any error because it again allows plaintiff an additional chance to meet its burden on summary judgment, and also creates opportunities for gamesmanship in motion practice. In short, plaintiff had the initial burden in moving for summary judgment, and may not add new materials simply because defendant pointed out that it has not met its burden.

*Aurora Loan Services, Inc.*, 513 F. Supp. 2d at 20; *see also Wolters Kluwer*, 2007 WL 1098714 at * 1; *Domino Media*, 9 F. Supp. 2d at 387; *Stauffer*, 2012 WL 6621374 at *4; *Klauber Bros.*, 2013 WL 1245456 at *9. The same result should follow here.

**CONCLUSION**

For the foregoing reasons, Straight Path respectfully requests that the Court: (i) strike the offending portions of the Reply Brief; (ii) strike the exhibits submitted by Petitioner in support of the Reply Brief; and (iii) award Straight Path its costs and fees in pursuing the present motion, along with such other and further relief the Court deems just, proper, and equitable.

Dated:  October 23, 2015
          New York, New York

REED SMITH LLP

By:     s/ Casey D. Laffey
          Casey D. Laffey
          Christopher P. Hoffman
          Nicole Lapsatis
599 Lexington Avenue, 22nd Floor
New York, New York 10022
212.521.5400

-and-

BOIES, SCHILLER & FLEXNER LLP

By:     s/ Jason Cyrulnik
          Jason Cyrulnik
          Edward Normand
333 Main Street
Armonk, New York 10504
914.749.8200

*Attorneys for Respondent*